**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**LAVOSKA OVERTON**                                                                    **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO.:** 4:15cv188-GHD-JMV

**HUMPHREYS COUNTY, MISSISSIPPI,**
**CLEVELAND ROSS, J.D. "BUBBA"**
**ROSEMAN (in both his official and**
**individual capacities), and JOHN DOES 1-5**                        **DEFENDANTS**

**COMPLAINT**

**\*\*\* JURY TRIAL DEMANDED\*\*\***

Plaintiff, Lavoska Overton, files this his Complaint against Defendants, Humphreys County, Mississippi, Cleveland Ross, J.D. "Bubba" Roseman, and John Does 1-5, as follows:

**Parties**

1.      Plaintiff Lavoska Overton is, and was at all relevant times, an adult resident citizen of Humphreys County, Mississippi.

2.      Defendant, Humphreys County, Mississippi may be served with process by delivering the Summons and Complaint to Lawrence D. Browder, who is the Clerk of the Board of Supervisors, at his business address of Humphreys County Chancery Court, 102 Castleman Street, Belzoni, Mississippi 39038.

3.      Defendant Cleveland Ross is, and was at all relevant times, a Deputy in the Humphreys County Sheriff's Department.  He may be served by delivering the Summons and Complaint to him at his employment address of 106 Castleman Street, Belzoni, Mississippi 39038.

4.      Defendant J.D. "Bubba" Roseman is, and was at all relevant times, the Humphreys County Sheriff.  He may be served by delivering the Summons and Complaint to him at his employment address of 106 Castleman Street, Belzoni, Mississippi 39038.  He is sued in both his official and individual capacities as explained below.

5.      Defendants John Does 1-5 are other individuals that were involved in the deprivation of Plaintiff's rights as set forth below.  They will be added to the Complaint as and when discovery permits better identification of them and the role that they played.

**Venue**

6.      Venue is appropriate under 42 U.S.C. Section 1391.

**Personal Jurisdiction**

7.      This Court has personal jurisdiction over all Defendants because they reside in the state of Mississippi and, in particular, within the counties that are part of the Greenville Division of the Northern District of Mississippi.

**Subject Matter Jurisdiction**

8.      This Court has subject matter jurisdiction over the civil rights claims asserted by Plaintiff pursuant to 42 U.S.C. Section 1343(a)(3) and 28 U.S.C. Section 1331.

**Statement of the Facts**

9.      On or about July 1, 2015, Lavoska Overton was taken into the custody of the Humphreys County Sheriff's Department, being charged with nonpayment of back child support.

2

10.     On July 4, 2015, Mr. Overton was still in the custody and control of the Humphreys County Sheriff's Department.

11.     The next day, Mr. Overton's family contacted the Humphreys County Sheriff's Department to speak to Lavoska.  They were told that Lavoska was fine and could not talk on the phone at the time but that "he was fine".

12.     Lavoska's family continued to call the Humphreys County Sheriff's Department to speak to him.  They were continually told that Lavoska was fine but that he could not speak to them at that time.

13.     Eventually, Lavoska's family received word that the reason they were unable to speak with Lavoska was because he had been beaten while in the custody of the Humphreys County Sheriff's Department.

14.     On the evening of July 4, 2015, at approximately 10:00 p.m., Lavoska was taken into the chapel area of the jail by Defendant, Cleveland Ross, his wrists and ankles were shackled, and he was beaten by Defendant Ross.

15.     Prior to the beating, Deputy Ross instructed the dispatcher, John Doe 1, to turn off the security camera that monitors the chapel.  Upon information and belief, the camera which monitors the chapel area was indeed turned off at the time that Lavoska was beaten.

16.     After he was beaten in the chapel area, Lavoska was taken to the "drunk tank" where he was again shackled and left without needed medical attention.

17.     Once Lavoska's family began inquiring about the beating, they were told by Sheriff Roseman that Lavoska had been "acting up" and that he was on drugs and tried to eat soap.

18.     Under the custody and control of the Humphreys County Sheriff's Department, Mr. Overton was taken to Parkwood Behavioral Health System in Olive Branch, Mississippi.

19.     Prior to being transported to Parkwood Behavioral Health System, Mr. Overton was injected twice by some unknown substance by Defendant Ross.  These injections interfered with Mr. Overton's mental faculties.  As a result, Parkwood Behavioral Health System diagnosed Mr. Overton as suffering from paranoid schizophrenia and bipolar disorder and was administered Haldol.

20.     Lavoska remained at Parkwood for approximately eight days before he was taken out of the hospital, without discharge orders, by the Humphreys County Sheriff's Department.

21.     In an effort to further conceal what had occurred, a hearing was held where it was ruled that Lavoska should receive the help of mental health professionals.  In fact, as discussed below, this was not true.  An Order of Commitment was entered as a result of this hearing which committed Mr. Overton to the "Mississippi State Hospital or other suitable facility."

22.     A few days later, Mr. Overton was taken by the Humphreys County Sheriff's Department to the Grenada Crisis Stabilization Unit of the Mississippi Department of Health.

4

23.     Mr. Overton remained at the Grenada Crisis Stabilization Unit for ten (10) days before he was told that there was nothing wrong with him and he was released.

24.     Since that time, Mr. Overton has not been under any further mental health care.

25.     Mr. Overton continues to suffer from his injuries.

26.     Mr. Overton has suffered a great deal of emotional distress due to the events outlined above.

27.     The injuries outlined above were caused by an assault carried out by Defendant Cleveland Ross, was furthered by Defendant, John Doe 1, and was concealed by Defendant, J.D. "Bubba" Roseman and Humphreys County, Mississippi.  Potential other John Doe Defendants may have been involved in the actions which caused these injuries.

**Causes of Action**

28.     Mr. Overton had the right to be free from an unreasonable search and/or seizure of his person and his property.  Defendants denied him that right, as guaranteed by the Fourth Amendment of the United States Constitution, and as applied to the States through the Fourteenth Amendment of the United States Constitution.

29.     While he was incarcerated in the Humphreys County jail, Lavoska Overton had the right to be free of cruel and unusual punishment, which includes being viciously beaten and shackled.  Defendants denied him these rights.

30.     The right to be free of such is guaranteed to convicted prisoners pursuant to the Eighth Amendment of the United States Constitution.   The same right is

guaranteed to pretrial detainees pursuant to the due process clause of the Fourteenth Amendment.

31.     The Defendants, Humphreys County, Mississippi, and J.D. "Bubba" Roseman, failed to properly and adequately train, supervise, and/or hire the Defendant, Cleveland Ross, in violation of the Plaintiff's rights.  These rights are guaranteed to Plaintiff pursuant to the Fourth Amendment and Eighth Amendment, and as applied in this matter by and through the Fourteenth Amendment.

32.     As a direct and proximate result of the actions of the Defendants, the following clearly established and well-settled federal constitutional rights of the Plaintiff were violated, though not limited to such:

   a. Freedom from an unreasonable seizure;

   b. Freedom from the use of excessive, unreasonable, and unjustified force against his person;

   c. Freedom from cruel and unusual punishment;

   d. Proper medical care and treatment;

   e. Due process of law; and

   f. Equal protection under the law.

33.     42 U.S.C. Section 1983 provides a remedy for the violation of Plaintiff's rights as described above.  Plaintiff asserts a Section 1983 claim against all Defendants for the violation of his rights while acting under the color of law under the Fourth Amendment, Eighth Amendment, due process clause of the Fourteenth Amendment,

and/or the Equal Protection clause as stated above, and otherwise within the meaning of constitutional rights under Section 1983.

34.     In addition, pursuant to 42 U.S.C. Section 1988, when he prevails in this action, Plaintiff is entitled to recovery of attorney's fees, costs and other expenses as set forth in the statute.  Plaintiff asserts a claim against all Defendants for such relief.

### Count I – liability of Ross pursuant to Section 1983

35.     Defendant Ross was directly involved in the beating of Plaintiff.   In addition, said Defendant was directly involved in the improper detainment of Plaintiff for unnecessary mental health care.   Such conduct was at all times conducted or performed under the color of law.

36.     Pursuant to Section 1983, therefore, Plaintiff asserts a claim against Defendant Ross for deprivation of his constitutional rights under the Fourth Amendment, Eighth Amendment, the due process clause of the Fourteenth Amendment, and/or the Equal Protection clause.

37.     This Defendant has caused him pain, suffering, emotional distress, physical injuries, disability, loss of wages, loss of wage earning capacity, loss of enjoyment of life, and medical expenses.

38.     Plaintiff seeks compensatory damages against said Defendant in an amount to be determined at the trial of this matter.

39.     Plaintiff also seeks an award of punitive damages against Defendant Ross in an amount to be determined at the trial of this matter.

40.     Plaintiff seeks an award of attorneys' fees, costs and other expenses against Defendant Ross.

41.     Plaintiff seeks prejudgment interest against Defendant Ross for the medical expenses and all other items of damages that are "liquidated" as of the date of the filing of his Complaint.

42.     Plaintiff also seeks post-judgment interest as provided by statute.

### Count II – County liability under Section 1983

43.     Defendant Roseman is a final policymaker for Humphreys County, Mississippi with respect to law enforcement activities.  In addition, Defendant Roseman, as Sheriff of Humphreys County, Mississippi, is responsible for the implementation and promulgation of official policy for the Sheriff's Department.

44.     Upon information and belief, the detainment of Plaintiff for unnecessary mental health care was the result of direct orders of Defendant Roseman.

45.     In addition, the violent tendencies of the deputy Defendant, Cleveland Ross, was known, or should have been known, to Defendant Roseman prior to the events that are the subject of this lawsuit.  The injuries suffered by Plaintiff were foreseeable and he had the power and authority to alleviate them.

46.     Further, Defendant Roseman failed to properly train and supervise Deputy Ross, thereby resulting in the violation of the Plaintiff's constitutional rights as mentioned herein.

47.     Instead, Roseman demonstrated a deliberate and reckless indifference to the actions of Deputy Ross and his pattern of violence and denial of constitutional rights.

Defendant Roseman was also deliberately indifferent to the need for adequate training and supervision of Deputy Ross.

48.     This pattern of violence and denial of constitutional rights had, prior to the events alleged in this Complaint, risen to such a level that it became part of the custom, policy or practice of the Humphreys County Sheriff's Department.

49.     As a result, pursuant to Section 1983, Plaintiff asserts a claim against Humphreys County, Mississippi for deprivation of his constitutional rights under the Fourth Amendment, Eighth Amendment, the due process clause of the Fourteenth Amendment, and/or the Equal Protection clause.

50.     The Defendant, Humphreys County, Mississippi, has caused Mr. Overton pain, suffering, emotional distress, physical injuries, disability, loss of wages, loss of wage earning capacity, loss of enjoyment of life, and medical expenses.

51.     Plaintiff seeks compensatory damages against Humphreys County, Mississippi in an amount to be determined at the trial of this matter.

52.     Plaintiff seeks an award of attorneys' fees, costs and other expenses against said Defendant.

53.     Plaintiff seeks prejudgment interest against said Defendant on the medical expenses and all other items of damages that are "liquidated" as of the date of the filing of his Complaint.

54.     Plaintiff also seeks post-judgment interest as provided by statute.

## Count III – liability of Roseman under Section 1983

55.     For the reasons stated in Count II, in addition to imposing liability on Humphreys County as a final policymaker, Roseman has individual liability.

56.     As a result, pursuant to Section 1983, Plaintiff asserts a claim against Defendant Roseman for deprivation of his constitutional rights under the Fourth Amendment, Eighth Amendment, due process clause of the Fourteenth Amendment, and/or Equal Protection clause.

57.     The Defendant has caused him pain, suffering, emotional distress, physical injuries, disability, loss of wage earning capacity, loss of enjoyment of life, and medical expenses.

58.     Plaintiff seeks compensatory and punitive damages against said Defendant in an amount to be determined at the trial of this matter.

59.     Plaintiff seeks an award of attorneys' fees, costs and other expenses against said Defendant.

60.     Plaintiff seeks prejudgment interest against said Defendant on the medical expenses and all other items of damages that are "liquidated" as of the date of the filing of his Complaint.

61.     Plaintiff also seeks post-judgment interest as provided by statute.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests an award of actual damages in an amount to be determined at trial against all Defendants, jointly and severally.  He requests an award of punitive damages in an amount to be determined at trial against the individual Defendants, jointly and severally.  He requests an award of

attorneys' fees, cost of litigation expenses pursuant to Section 1988 against all Defendants, jointly and severally. He requests prejudgment interest as set forth above against all Defendants, jointly and severally. He requests costs of court and post-judgment interest as provided by rule and statute.

Respectfully submitted, this the 23rd day of December, 2015.

Lavoska Overton

By:    /s/ Ronald E. Stutzman, Jr.
       Ronald E. Stutzman, Jr. one
       of his attorneys

OF COUNSEL:

Ronald E. Stutzman, Jr. (MSB #101454)
The Stutzman Law Firm, PLLC
232 Market Street
Flowood, Mississippi 39232
Telephone: (601) 914-7291
Facsimile: (601) 914-7292

S. Craig Panter (MSB #3999)
Panter Law Firm, PLLC
7736 Old Canton Road, Suite B
Madison, Mississippi 39110
Telephone: (601) 607-3156
Facsimile: (601) 607-3157