**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**


**LAVOSKA OVERTON**                                              **PLAINTIFF**


**VS.**                               **CIVIL ACTION NO.: 4:15CV188-GHA-JMV**


**HUMPHREYS COUNTY, MISSISSIPPI,
CLEVELAND ROSS, J. D. "BUBBA" ROSEMAN,
(In Both His Official and Individual Capacities) AND
JOHN DOES 1-15**                                               **DEFENDANTS**


**MEMORANDUM BREIF IN SUPPORT OF MOTION
TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

I.        Introduction

Defendants herein, Humphreys County, Mississippi, Cleveland Ross and J.

D. "Bubba" Roseman, have filed a motion to set aside the Clerk's entry of default,

and motion for extension of time to answer and requests that the Court set aside the

default and authorize defendants to file answer and defenses or otherwise respond

to the Complaint filed in this cause.

II.       Statement of the Facts

On December 23, 2015, Plaintiff, Lavoska Overton, filed a Complaint with this

Court (Doc.#1) against defendants alleging violations of Constitutional rights and

seeking *inter alia* compensatory damages, punitive damages and attorney's fees.

1

Defendants were required by rule to file their answer and defenses or otherwise respond to the complaint by January 19, 2016. However, defendants did not file any responsive pleadings and on January 21, 2016, Plaintiff requested and received entry of default (Doc.#6)

The facts resulting in the entry of default are enumerated in the affidavit of the undersigned on file with this Court (Doc. # 8-1). According to the affidavit counsel for defendants received a copy of the summons and complaint from defendants on January 4, 2016, and was directed to send the same to the insurance carrier for the defendants so that they could file an answer and defenses or otherwise respond to the complaint. That counsel fully intended to cause the complaint to be delivered to the insurance carrier. However, counsel is a member of the Mississippi Legislature and the 2016 Legislative Session was set to convened so on January 5, 2016, with the swearing in of all members as a result of the 2015 statewide elections. Hence, counsel, who practices law in Greenville, left Belzoni, Humphreys County, and drove to Jackson with the complaint in his possession. Counsel returned to Greenville on January 8, 2016, but forgot to send the complaint to the insurance carrier. As shown by the affidavit of counsel, (Doc. #8-1) , he fully intended to send the complaint to the insurance carrier and that the failure to do so was not willful but due to mistake, oversight and/or excusable neglect. Therefore, defendants have moved the Court for an order granting setting

2

aside the Clerk's entry of default (Doc.# 7) and extending the time for defendants to file answer and defenses or otherwise respond to the Complaint.

### III.   Argument

Rule 55(6), FRCP, provides that "the court may set aside an entry of default for good cause…" Rule 55 does not specifically define good cause.  Therefore, what constitutes good cause is determined by the courts.  The 5th Circuit has held that entries of default such as the one in the cause *sub judice* are "generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement."  *Lacy v. Sitel Corp.*, 227, F. 3d 290, 292 (5th Cir. 2000), quoting *Mason & Hanger – Silas Mason Co. v. Metal Trades Council*, 726 F. 2d 166, 168 (5th Cir. 1984).  The Court said further in *Lacy, supra*, that "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits. *Id.*, quoting *Gen. Tel.* 277 F. 2d at 921.

The factors to be considered in determining whether good cause exists to set aside a clerk's entry of default are well known to this Court.  The factors include the following: (1) "Whether the failure to act was willful, (2) Whether setting default aside would prejudice the adversary, and (3) Whether a meritorious claim has been presented." *EffJohn Intern. Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F. 3d 552, 563 (5th. Cir. 2003); *Lacy supra*, 227 F. 3d at 292; *Hampton v.*

*Tunica County Board of Supervisors*, 2009 WL 1116298 ( N. D. Miss. 2009).

Other factors a court may consider include whether the party acted expeditiously to

obtain relief from the default. *Effjohn, supra, Lacy, supra.* The "factors are not

exclusive, instead they are to be regarded simply as a means to identify good

cause*." Effjohn Id*., 346 F. 3d at 563; *Dierschke v. O'Cherskey*, 975 F. 2d 181,

184 (5th Cir. 1992).

## 1.  **Whether the default was willful**

Counsel for defendants filed a sworn affidavit (Doc. # 8-1)  in support of

the motion accepting responsibility for the default.  In the affidavit he states that he

received the summons and complaint from defendants during a Board of

Supervisors meeting on January 4, 2016.   He was instructed by the Board to

deliver it to the liability insurance carrier for Humphreys County.

Bailey states that it is the custom and practice of Humphreys County for him

as Board attorney to receive lawsuits and ensure that they were delivered to the

liability insurance carrier for the County.  On the day he received the summons and

complaint Bailey was on his way to Jackson for the start of the 2016 Legislative

session.  Bailey is a member of the Mississippi Legislature and was set to be sworn

in on said day subsequent to his re-election in 2015.

Bailey states that he did not return to his office until Friday, January 8, 2016.

While Bailey intended to send the summons and complaint to the carrier, he just

forgot to do so.  Defendants contends that Bailey's action were not willful but due

to  mistake, oversight and/or neglect that resulted in an unintended default against

them.  Therefore, defendants contends the first factor of the Lacy test should be

weighted in defendants' favor.

### 2.  <u>Whether the Plaintiff will suffer any Prejudice</u>

That other than receiving the benefit of a clerk's entry of default, the

Plaintiff has not and will not be prejudiced by the setting aside of the entry of

default.  Here, to establish prejudice Plaintiff must show more than mere delay.

Instead, "Plaintiff must show that the delay will result in the loss of evidence,

increased difficulties in discovery, or greater opportunities for fraud and

collusion." *Hampton, Id*., quoting *Lacy, supra*, 227 F. 3d at 293 and *Berthelsen v.*

*Kane*, 907 F. 2d 617, 621 (6th Cir. 1990).  In the case *sub judice* defendants

contends that the Plaintiff cannot meet it burden.   Therefore, factor number 2

should be weighed in defendants' favor also.

### 3.  <u>Whether defendants have Meritorious Defense</u>

Defendants have not yet filed their answer and defenses.  However,

defendants contend and believe in good faith that they will have meritorious

defenses to this cause.  As this Court noted in *Hampton v. Tunica County Board of*

*Supervisors, supra*, the scheduling order generally imposes deadlines on the

defendants to answer and assert defenses.  Hence, defendants contend that this

5

factor is neutral and cannot be adequately determined by the Court at this point.

### 4. <u>Whether defendants acted expeditiously</u><br><u>To purge themselves of contempt</u>

The Fifth Circuit authorizes that the district courts may consider other factors it deems just and proper.  One of the such factor noted by the Court is the elapse of time between the default and defendants' request for relief.  *Effjohn, supra,* 346 F. 3d at 563*; Direschke, supra*, 975 F. 2d at 184.  Here the defendants have acted expeditiously and immediately to seek relief by filing a motion to set aside the entry of default.  In fact, defendants filed their motion less than five (5) days after default was entered.  Therefore, in the event the Court determines expeditioness of the request to be a relevant factor, it too should be weighed in defendants' favor.

In conclusion, defendants contend that they have proved at least two (2) of the three (3) primary factors favor it together with other factors that defendants believer are appropriate for the Court to set aside the entry of default.  Therefore, defendants requests that the Court set aside the entry of default and grant the motion for extension of time to file answer and defenses.

RESPECTFULLY SUBMITTED, this the ___27th___ day of January, 2016.

HUMPHREYS COUNTY, MISSISSIPPI, et al.

By: /s/   WILLIE L. BAILEY
WILLIE L. BAILEY, MSB# 1702
**BAILEY & GRIFFIN, P.A.**
1001 MAIN STREET
POST OFFICE BOX 189
GREENVILLE, MS  38702-0189
TELEPHONE: (662) 335-1966

## CERTIFICATE OF SERVICE

I, Willie L. Bailey, attorney for Humphreys County, Mississippi, et al., do hereby certify that I have this day, filed electronic the foregoing with the Clerk of Court by using the EFC system, which sent notification of such filing to the following:

Ronald E. Stutzman, Jr., Esq.
The Stutzman Law Firm, PLLC
513 Keywood Circle
 Flowood, MS  39232

**CERTIFIED,** this the ___27th___ day of January, 2016.

/s/ WILLIE L. BAILEY
WILLIE L. BAILEY

7
