IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LAVOSKA OVERTON                                                          PLAINTIFF

VS.                                                 CIVIL ACTION NO. 4:15CV188-GHD-JMV

HUMPHREYS COUNTY, MISSISSIPPI,
CLEVELAND ROSS, J.D. "BUBBA"
ROSEMAN (in both his official and
individual capacities), and JOHN DOES 1-5          DEFENDANTS

## SEPARATE ANSWER AND DEFENSES OF HUMPHREYS COUNTY, MISSISSIPPI AND J. D. "BUBBA" ROSEMAN

COME NOW Humphreys County, Mississippi, and J.D. "Bubba" Roseman, in his official

and individual capacity (hereinafter referred to as "County Defendants"), two of the defendants

herein, and by and through counsel, file this their Separate Answer and Defenses to the Complaint

filed against them, as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against County Defendants upon which relief can

be granted and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

### SECOND DEFENSE

### ANSWER

Without waiving their right to be heard regarding the above defenses, County Defendants

respond to the allegations in Plaintiff's Complaint, paragraph by paragraph, as follows:

1. County Defendants are currently without sufficient information or knowledge to form a

belief as to the truth of the allegations in Paragraph 1 and therefore deny the same.

D0509528.1

2. Admitted.

3. Denied.

4. Admitted.

5. County Defendants are currently without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny the same. County Defendants expressly deny that plaintiff suffered a deprivation of rights.

6. County Defendants admit that venue is appropriate under 28 U.S.C. § 1391.

7. County Defendants admit that this Court has personal jurisdiction over them.

8. County Defendants admit that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

9. Admitted.

10. Admitted.

11. County Defendants are currently without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny the same.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. County Defendants admit that plaintiff was taken to Parkwood Behavioral Health System but deny the remaining allegations in Paragraph 18.

D0509528.1

19. County Defendants deny the allegations in the first two sentences of Paragraph 19. County Defendants are currently without sufficient information or knowledge to form a belief as to the truth of the allegations in sentence three of Paragraph 19 and therefore deny the same.

20. Denied.

21. Denied.

22. County Defendant only admit that plaintiff was taken by the Humphreys County Sheriff's Department to the Grenada Crisis Stabilization Unit but deny the remaining allegations in Paragraph 22.

23. County Defendants are currently without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny the same.

24. County Defendants are currently without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 24, and therefore deny the same.

25. County Defendants are currently without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 25, and therefore deny the same.

26. Denied.

27. Denied.

28 County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

29. County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

30. County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

D0509528.1

3

31. County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

32. Denied, including subparts a. - f.

33. County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

34. County Defendants deny that plaintiff has stated a constitutional claim for which fees can be recovered and deny that they violated plaintiff's constitutional rights.

35. The allegations contained in Paragraph 35 do not pertain to County Defendants. To the extent that a response is required, County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

36. The allegations contained in Paragraph 36 do not pertain to County Defendants. To the extent that a response is required, County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

37. The allegations contained in Paragraph 37 do not pertain to County Defendants. To the extent that a response is required, County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

38. The allegations contained in Paragraph 38 do not pertain to County Defendants. To the extent that a response is required, County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

39. The allegations contained in Paragraph 39 do not pertain to County Defendants. To the extent that a response is required, County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

D0509528.1

40. The allegations contained in Paragraph 40 do not pertain to County Defendants. To the extent that a response is required, County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

41. The allegations contained in Paragraph 41 do not pertain to County Defendants. To the extent that a response is required, County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

42. The allegations contained in Paragraph 42 do not pertain to County Defendants. To the extent that a response is required, County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

43. The allegations contained in Paragraph 43 contain legal assertions to which no response is required. To the extent that a response is required, County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. The allegations contained in Paragraph 49 are legal assertions to which no response is required. To the extent that a response is required, County Defendants deny that plaintiff has stated a constitutional claim for which relief can be granted and deny that they violated plaintiff's constitutional rights.

50.  Denied.

51.  Denied.

52.  Denied.

53.  Denied.

54.  Denied.

55.  Denied.

56.  Denied.

57.  Denied.

58.  Denied.

59.  Denied.

60.  Denied.

61.  Denied.

In response to the unnumbered paragraph of the Complaint beginning with the phrase "WHEREFORE, PREMISES CONSIDERED," County Defendants deny that plaintiff is entitled to judgment or any other relief against them, including actual or punitive damages, attorneys fees, costs, interest, or expenses, and demand that plaintiff's Complaint be dismissed with prejudice and with all costs assessed against plaintiff.

AND NOW, having responded to the allegations of plaintiff's Complaint, and having denied any and all liability, County Defendants would show unto the Court the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

The sole proximate cause or proximate contributing cause of plaintiff's alleged damages was his own conduct, whether negligent or intentional.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

County Defendants are entitled to sovereign immunity with respect to all claims.

## FOURTH AFFIRMATIVE DEFENSE

County Defendants cannot be liable for plaintiff's Section 1983 claims under a *respondeat superior* theory of liability according to *Monell v. Dept. of Social Services* and its progeny. Further, no policy or custom of defendants was the moving force of any deprivation of plaintiff's constitutional rights.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's official capacity claims against Defendant Roseman must be dismissed as Defendant Humphreys County cannot be liable for actions taken by Defendant Roseman in his official capacity, which would amount to *respondeat superior* liability.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Roseman is entitled to qualified immunity from all claims in the Complaint brought against him in his individual capacity because his good faith actions were objectively reasonable and consistent with clearly established law.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant Humphreys County cannot be liable for punitive damages under Section 1983.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer the violation of any constitutional right.

## NINTH AFFIRMATIVE DEFENSE

County Defendants affirmatively plead Miss. Code Ann § 11-1-65. To the extent that the plaintiff seeks punitive damages, County Defendants invoke the provisions of Mississippi Code Annotated § 11-1-65 *et seq.* and would affirmatively show that (a) since punitive damages are penal in nature, County Defendants are entitled to the same procedural safeguards afforded to those charged with a crime, and an assessment for punitive damages herein would be in violation of the Sixth Amendment of the United States Constitution; (b) any claim for punitive damages violates the substantive and procedural due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article 3, Sections 14, 24 and 25 of the Mississippi Constitution; (c) any award of punitive damages in this case would be a violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article 3, Section 14 of the Mississippi Constitution since the standards for imposing liability and for assessing the amount of punitive damages are unconstitutionally vague; (d) the application of such an unconstitutionally vague standard is arbitrary, capricious, and not rationally to any legitimate interest; and (e) the imposition of punitive damages, if any, is not a finding of fact to be made by a jury.

WHEREFORE, PREMISES CONSIDERED, County Defendants, having responded to the allegations in the plaintiff's Complaint, and having denied any and all liability in the premises, demand that plaintiff's Complaint be dismissed with prejudice and all costs assessed to the plaintiff.

Respectfully submitted,

HUMPHREYS COUNTY, MISSISSIPPI
AND J. D. "BUBBA" ROSEMAN

By:    /s/ Wilton V. Byars, III
         OF COUNSEL

WILTON V. BYARS, III - BAR # 9335
wbyars@danielcoker.com
PHILIP M. LEVY - BAR # 103900
plevy@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
P. O. BOX 1396
OXFORD, MS 38655-1396
TELEPHONE: (662) 232-8979
FACSIMILE: (662) 232-8940

## CERTIFICATE

I hereby certify that on February 22, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants. The following is a list of counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this firm:

John D. Price, Esq.
Wise Carter Child & Caraway, P.A.
P. O. Box 651
Jackson, MS 39205-0651

Ronald Earl Stutzman, Esq.
The Stutzman Law Firm, PLLC
513 Keywood Circle
Flowood, MS 39232

D0509528.1

9

S. Craig Panter, Esq.
Panter Law Firm, PLLC
P. O. Box 2310
Madison, MS 39130-2310

Willie L. Bailey, Esq.
Bailey & Griffin
P. O. Box 189
Greenville, MS 38702-0189

THIS, the 22ND day of February, 2016.

/s/ Wilton V. Byars, III
WILTON V. BYARS, III