IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LAVOSKA OVERTON                          PLAINTIFF

VS.

CIVIL ACTION No.: 4:15-CV-188-GHD-JMV

HUMPHREYS COUNTY, MISSISSIPPI,            DEFENDANTS
CLEVELAND ROSS, J. D. "BUBBA" ROSEMAN
(IN BOTH HIS OFFICIAL AND INDIVIDUAL
CAPACITIES), AND JOHN DOES 1-5

---

### ANSWER AND DEFENSES OF CLEVELAND ROSS

---

COMES NOW Cleveland Ross, by and through counsel of record, files this his Answer and Defenses to the Complaint filed against him as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Cleveland Ross upon which relief can be granted and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

### SECOND DEFENSE

### ANSWER

Cleveland Ross responds to the allegations in Plaintiff's Complaint, paragraph by paragraph as follows:

1.

Cleveland Ross is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the same.

2.

The allegations of Paragraph 2 of the Complaint are admitted.

3.

The allegations of Paragraph 3 of the Complaint are denied.

4.

The allegations of Paragraph 4 of the Complaint are admitted.

5.

Cleveland Ross is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6.

Cleveland Ross admits that venue is appropriate under 28 U.S.C. § 1391.

7.

Cleveland Ross admits that this Court has personal jurisdiction over him.

8.

Cleveland Ross admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

9.

The allegations of Paragraph 9 of the Complaint are admitted.

10.

The allegations of Paragraph 10 of the Complaint are admitted.

11.

Cleveland Ross is without sufficient information or knowledge to form a belief as

to the truth of the allegations in Paragraph 11 and therefore must deny the same.

12.

The allegations of Paragraph 12 of the Complaint are denied.

13.

The allegations of Paragraph 13 of the Complaint are denied.

14.

The allegations of Paragraph 14 of the Complaint are denied.

15.

The allegations of Paragraph 15 of the Complaint are denied.

16.

The allegations of Paragraph 16 of the Complaint are denied.

17.

The allegations of Paragraph 17 of the Complaint are denied.

18.

This Defendant admits that Plaintiff was taken to Parkwood Behavioral Health System but denies the remaining allegations in Paragraph 18.

19.

This Defendant denies the allegations to the first two sentences of Paragraph 19. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in sentence three of Paragraph 19 and therefore denies the same.

20.

The allegations of Paragraph 20 of the Complaint are denied.

21.

The allegations of Paragraph 21 of the Complaint are denied.

22.

This Defendant only admits that Plaintiff was taken by the Humphreys County Sheriff's Department to the Grenada Crisis Stabilization Unit but denies the remaining allegations in Paragraph 22.

23.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the same.

24.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the same.

25.

The allegations of Paragraph 25 of the Complaint are denied.

26.

The allegations contained in Paragraph 26 of the Complaint are denied.

27.

The allegations contained in Paragraph 27 of the Complaint are denied.

28.

This Defendant denies that Plaintiff has stated a constitutional claim for which relief can be granted and deny that he violated Plaintiff's constitutional rights. The allegations of Paragraph 28 are denied.

29.

This Defendant denies that Plaintiff has stated a constitutional claim for which relief can be granted and deny that he violated Plaintiff's constitutional rights. . The allegations of Paragraph 29 are denied.

30.

This Defendant denies that Plaintiff has stated a constitutional claim for which relief can be granted and deny that he violated Plaintiff's constitutional rights. . The allegations of Paragraph 30 are denied.

31.

This Defendant denies that Plaintiff has stated a constitutional claim for which relief can be granted and deny that he violated Plaintiff's constitutional rights. . The allegations of Paragraph 31 are denied.

32.

The allegations of Paragraph 32 of the Complaint are denied including all of its subparts are denied.

33.

This Defendant denies that Plaintiff has stated a constitutional claim for which relief can be granted and deny that he violated Plaintiff's constitutional rights.

34.

Cleveland Ross denies that Plaintiff has stated a constitutional claim for which fees can be recovered and deny that he violated Plaintiff's constitutional rights.

35.

Cleveland Ross denies the allegations of Paragraph 35 of the Complaint.

36.

Cleveland Ross denies the allegations of Paragraph 36 of the Complaint.

37.

Cleveland Ross denies the allegations of Paragraph 37 of the Complaint.

38.

Cleveland Ross denies the allegations of Paragraph 38 of the Complaint.

39.

Cleveland Ross denies the allegations of Paragraph 39 of the Complaint.

40.

Cleveland Ross denies the allegations of Paragraph 40 of the Complaint.

41.

Cleveland Ross denies the allegations of Paragraph 41 of the Complaint.

42.

Cleveland Ross denies the allegations of Paragraph 42 of the Complaint.

43.

The allegations contained in Paragraph 43 are allegations of law to which no response is required. To the extent that a response is required, this Defendant denies that Plaintiff has state a constitutional claim for which relief can be granted and deny that he violated Plaintiff's constitutional rights.

44.

Cleveland Ross denies the allegations of Paragraph 44 of the Complaint.

45.

Cleveland Ross denies the allegations of Paragraph 45 of the Complaint.

46.

Cleveland Ross denies the allegations of Paragraph 46 of the Complaint.

47.

Cleveland Ross denies the allegations of Paragraph 47 of the Complaint.

48.

Cleveland Ross denies the allegations of Paragraph 48 of the Complaint.

49.

The allegations contained in Paragraph 49 are allegations of law to which no response is required. To the extent that a response is required, this Defendant denies that Plaintiff has stated a constitutional claim for which relief can be granted and deny that he violated Plaintiff's constitutional rights.

50.

This Defendant denies the allegations of Paragraph 50 of the Complaint.

51.

This Defendant denies the allegations of Paragraph 51 of the Complaint.

52.

This Defendant denies the allegations of Paragraph 52 of the Complaint.

7

53.

This Defendant denies the allegations of Paragraph 53 of the Complaint.

54.

This Defendant denies the allegations of Paragraph 54 of the Complaint.

55.

This Defendant denies the allegations of Paragraph 55 of the Complaint.

56.

This Defendant denies the allegations of Paragraph 56 of the Complaint.

57.

This Defendant denies the allegations of Paragraph 57 of the Complaint.

58.

This Defendant denies the allegations of Paragraph 58 of the Complaint.

59.

This Defendant denies the allegations of Paragraph 59 of the Complaint.

60.

This Defendant denies the allegations of Paragraph 60 of the Complaint.

61.

This Defendant denies the allegations of Paragraph 61 of the Complaint.

In response to the unnumbered paragraph of the Complaint beginning with the phrase "WHEREFORE, PREMISES CONSIDERED," this Defendant denies that Plaintiff is entitled to judgment or any other relief against them, including actual or punitive

damages, attorneys' fees, costs, interest, or expenses, and demand that Plaintiff's Complaint be dismissed with prejudice and with all costs assessed against Plaintiff.

AND NOW, having responded to the allegations of Plaintiff's Complaint, and having denied any and all liability, Cleveland Ross would show unto the Court the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The sole proximate cause or proximate contributing cause of Plaintiff's alleged damages was his own conduct, whether negligent or intentional.

### SECOND AFFIRMATIVEDEFENSE

Plaintiff's claim is barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

This Defendant is entitled to sovereign immunity with respect to all claims.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Ross is entitled to qualified immunity from all claims in the Complaint brought against him in his individual capacity because his good faith actions were objectively reasonable and consistent with clearly established law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer the violation of any constitutional right.

### SIXTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against this Defendant under § 1983. Defendant further invokes the safeguards of the Equal Protection and Due Process Clauses

of the United States Constitution, Article 3, Section 14, of the Mississippi Constitution, the provisions of Miss. Code Ann. § 11-1-65 and 11-46-15(2).

## SEVENTH AFFIRMATIVE DEFENSE

Defendant Cleveland Ross would show that he did not violate any clearly established statutory or constitutional rights of Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly establish law.

## EIGHTH AFFIRMATIVE DEFENSE

Cleveland Ross acted reasonably and prudently and in exercise of legitimate and lawful justification. Further, the conduct of Cleveland Ross was performed in good faith, did not violate any clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983.

## NINTH AFFIRMATIVE DEFENSE

Defendant Ross affirmatively pleads Miss. Code Ann § 11-1-65. To the extent that the Plaintiff seeks punitive damages, this Defendants invokes the provisions of Mississippi Code Annotated § 11-1-65 *et seq.* and would affirmatively show that (a) since punitive damages are penal in nature, this Defendant is entitled to the same procedural safeguards afforded to those charged with a crime, and an assessment for punitive damages herein would be in violation of the Sixth Amendment of the United States Constitution; (b) any claim for punitive damages violates the substantive and procedural due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article 3, Sections 14, 24 and 25 of the Mississippi Constitution; (c) any award of punitive damages in this case would be a violation of the due process clause of

the Fifth and Fourteenth Amendments of the United States Constitution and Article 3, Section 14 of the Mississippi Constitution since the standards for imposing liability and for assessing the amount of punitive damages are unconstitutionally vague; (d) the application of such an unconstitutionally vague standard is arbitrary, capricious, and not rationally to any legitimate interest; and (e) the imposition of punitive damages, if any, is not a finding of fact to be made by a jury.

WHEREFORE, PREMISES CONSIDERED, Defendant Cleveland Ross, having responded to the allegations in the Plaintiff's Complaint, and having denied any and all liability in the premises, demand that Plaintiff' Complaint be dismissed with prejudice and all costs assessed to the Plaintiff.

Dated this the 23rd day of February, 2016.

Respectfully submitted,

CLEVELAND ROSS

BY: /s/ John D. Price

OF COUNSEL:

John D. Price (MSB #4495)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Telephone: (601) 968-5500; Fax: (601) 944-7738
Email: jdp@wisecarter.com

11

## CERTIFICATE OF SERVICE

I, John D. Price, the undersigned counsel, do hereby certify that I have this the 10th day of February, 2016, electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

Ronald Earl Stutzman  
The Stutzman Law Firm, PLLC  
513 Keywood Circle  
Flowood, Mississippi 39232

S. Craig Panter  
Panter Law Firm, PLLC  
P. O. Box 2310  
Madison, Mississippi 39130-2310

Attorneys for Plaintiff

Philip M. Levy  
Wilton V. Byars, III  
Daniel Coker Horton & Bell, PA  
P. O. Box 1396  
Oxford, Mississippi 38655-1396

Willie L. Bailey  
Bailey & Griffin  
P. O. Box 189  
Greenville, Mississippi 38702-0189

Attorneys for Humphreys County, Mississippi and J. D. "Bubba" Roseman

Dated this the 23rd day of February, 2016.

BY: /s/ John D. Price

g:\work2\overton\pleadings\answer and defenses of cleveland ross.docx